IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ROGER DWAYNE SMITH,

    Plaintiff,

v.                                                  Case No. 2:19-cv-00133

DR. DINA PAUL, et al.,

    Defendants.

## ORDER

Pending before the court are the plaintiff's Motion for Status of Service of Process (ECF No. 15), and the plaintiff's Motion for Appointment of Counsel (ECF No. 17).  As noted in the accompanying Proposed Findings and Recommendation, the court directed the United States Marshals Service to serve summonses on the defendants on the plaintiff's behalf.  The summonses were served on Pamela Given ("Given"), Wexford's Health Services Administrator, which was not proper service on any defendant other than Given.  Consequently, it is hereby **ORDERED** that the summonses previously served on defendants Paul, Lye, May and Warden are **QUASHED** and shall be re-issued by the Clerk for proper service.  It is further **ORDERED** that the plaintiff's Motion for Status of Service of Process (ECF No. 15) is **DENIED AS MOOT**.

Turning to the plaintiff's Motion for Appointment of Counsel (ECF No. 17), The appointment of counsel to represent pro se plaintiffs in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel."

It is clear that the plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the court's discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id.* at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978). Based upon the plaintiff's filings to date, the undersigned **FINDS** that there are no exceptional circumstances that would warrant the court to seek counsel to represent the plaintiff in this matter at the present time. Accordingly, the plaintiff's Motion for Appointment of Counsel (ECF No. 17) is hereby **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to mail a copy of this Order to the plaintiff and to transmit a copy to counsel of record.

ENTER: July 15, 2020

Dwane L. Tinsley
United States Magistrate Judge