# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

ROGER DWAYNE SMITH,

    Plaintiff,

v.                                                           Case No. 2:19-cv-00133

DR. DINA PAUL,[1] DR. CHARLES LYE,
PA SANDRA MAY, DONNA WARDEN, HSA,
and PAMELA GIVEN, HSA, in their individual
and official capacities,[2]

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 18) and the defendants' Motion to Dismiss Complaint (ECF No. 19). For the reasons stated herein, it is respectfully **RECOMMENDED** that the Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18) be **DENIED** and that the defendants' Motion to Dismiss (ECF No. 19) be **GRANTED IN PART** and **DENIED IN PART**.

---

[1] The defendants' motion indicates that Dr. Paul's first name is "Dina." The Clerk is directed to modify the docket sheet accordingly.

[2] Although the Clerk's Office listed Wexford Health Sources, Inc. ("Wexford") as a separate defendant on the docket sheet and a summons was issued for Wexford, the plaintiff's response to the defendants' motion to dismiss (ECF No. 23 at 3), and a closer review of the complaint (ECF No. 1) make it clear that the plaintiff is not suing Wexford, but only its named employees. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Wexford Health Sources, Inc. as a defendant herein, without prejudice.

## I. BACKGROUND

This matter is proceeding on the plaintiff, Roger Dwayne Smith's ("Smith") Verified Complaint (ECF No. 1), which names five Wexford employees as defendants. The Complaint alleges that Smith, who is serving a life without mercy sentence at the Mount Olive Correctional Complex ("MOCC"), has repeatedly sought and been denied treatment with Direct-Acting Antiviral ("DAA") drugs for chronic Hepatitis C ("HCV") because he is "not sick enough" to warrant such treatment. Smith further alleges that, not only has he not been given antiviral medication, he has been treated with ibuprofen and other pain relivers that may cause additional harm to his liver and other organs. (ECF No. 1 at 8-9).

Smith contends that the defendants delay or deny treatment to persons suffering from HCV until they have developed cirrhosis, liver failure, or liver cancer, and that such actions constitute deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution. He seeks a declaration that the defendants' conduct violates the Eighth Amendment, monetary damages, and injunctive relief in the form of DAA drug treatment. (*Id.* at 13-16).

On January 17, 2020, Smith filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18), requesting a preliminary injunction requiring the defendants to treat him with DAA drugs. Smith's motion sets forth the standard for granting preliminary injunctive relief discussed in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), and claims that the defendants have subjected Smith to serious risk of irreparable harm by denying him needed medical treatment for HCV. (*Id.* at 2-4). The defendants filed a response to the motion (ECF No. 20), asserting that Smith cannot meet the *Winter* standard.

On January 20, 2020, the defendants filed a Motion to Dismiss (ECF No. 19) and a Memorandum of Law (ECF No. 20). The defendants' motion first asserts that, other than Pamela Given, the defendants were not properly served with process. Thus, they have moved to dismiss the complaint under Rule 12(b)(5) of the Federal Rules of Civil Procedure. They further assert that Smith has failed to allege a plausible Eighth Amendment claim and that they are each entitled to qualified immunity. Thus, they contend that the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both motions are fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. Nonetheless, the complaint must "contain enough facts to state a claim for relief that is plausible on its face." *Id.* (internal quotation marks omitted); *see also Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Otherwise, it is subject to dismissal on screening by the court or a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, such as the one filed by the defendants herein.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

### III. DISCUSSION

A. Defendants' Motion to Dismiss.

   i. *Improper service of process*

Although Smith paid the $400 filing fee and is not proceeding *in forma pauperis*, at his request, the court ordered that the United States Marshals Service ("USMS") attempt to perfect service of process on his behalf. (ECF No. 10). The USMS served all of the summonses on Pamela Given ("Given"), Wexford's Health Services Administrator, which was not proper service on any defendant other than Given. Based upon this improper service, the defendants request that Smith's Complaint be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

However, the undersigned proposes that the presiding District Judge **FIND** that Smith should not be held responsible for mistakes that were made with service of process by officers of the court. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that dismissal of Smith's Complaint for insufficient service of process is not appropriate under the circumstances. Rather, the proper remedy is to quash the service of the improperly served summonses and to issue new summonses for service upon the defendants in accordance with the appropriate rules of civil procedure, which the undersigned has done by separate Order.

   ii. *Failure to state a claim*

The defendants' motion to dismiss also asserts that Smith's Complaint fails to sufficiently state a claim for relief and that they are entitled to qualified immunity on Smith's Eighth Amendment claims. (ECF No. 20 at 8-14). Qualified immunity "shields government officials from liability for civil damages provided their conduct does not violate clearly established statutory or constitutional rights within the knowledge of a

5

reasonable person." *Meyers v. Baltimore Cty.*, 713 F.3d 723, 731 (4th Cir. 2013). The following test is used to determine whether a defendant is entitled to qualified immunity: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show the defendant's conduct violated a constitutional or statutory right; and (2) was that right clearly established such that a reasonable person would have known that their conduct was unlawful. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991). In *Pearson v. Callahan,* the Supreme Court held that a court may exercise its sound discretion to decide which prong of the inquiry to address first. 555 U.S. 223, 242 (2009); *see also Oliver v. Fiorino*, 586 F.3d 989, 905 (11th Cir. 2009).

A "clearly established right" is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012) (internal quotation marks and alteration omitted); *see also West v. Murphy*, 771 F.3d 209, 213 (4th Cir. 2014). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). A defendant is "entitled to a qualified immunity defense so long as 'the law did not put the [defendant] on notice that his conduct would be clearly unlawful.'" *See Malley v. Briggs*, 475 U.S. 335, 341 (1986). As recently noted by the presiding District Judge in another case:

> [Q]ualified immunity can be overcome only by clearly established law governing the specific facts at hand. *See Mullenix v. Luna*, 136 S. Ct. 305, 308-09, 193 L. Ed.2d 255 (2015). The Supreme Court has repeatedly stressed "that courts must not define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she face*d." D.C. v. Wesby*, 138 S. Ct. 577, 590, 199 L. Ed. 2d 453 (2018) (internal quotation marks and citation omitted). In *Wesby*, the Supreme Court reemphasized that "[a] rule is too general if the unlawfulness of the [defendant]'s conduct does not follow immediately from the conclusion that [the rule] was firmly

6

> established." *Id.* Here, Plaintiff frames the qualified immunity question in broad terms, asking whether it is clearly established that denying treatment for a serious medical condition violates the Eighth Amendment. . . . However, this formulation—which is essentially a highly conceptualized version of the deliberate indifference standard—is the type of "broad general proposition" that cannot overcome qualified immunity. *See Mullenix*, 136 S. Ct. at 308.

*Insco v. Wexford Health Sources, Inc.*, No. 2:19-cv-00612, 2020 WL 2770419, at *3 (S.D. W. Va. May 28, 2020).

Smith claims that the defendants' deliberate indifference to his serious medical need has violated his rights under the Eighth Amendment's guarantee against cruel and unusual punishment. The vehicle for such a claim is section 1983 of Title 42 of the United States Code, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates

7

receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.* at 833.

To sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.* at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986) (collecting cases). "Serious medical needs" are those which have been diagnosed by a physician as mandating treatment or that are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Munic. of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990).

> Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that

8

is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *See* [*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)].

*Miltier*, 896 F.2d at 851-852.

The burden of demonstrating deliberate indifference to a serious medical need is very high. It is well-settled that:

> A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978).

*Rush v. VanDevander*, 2008 WL 495651 (W.D. Va., Feb. 21, 2008); *Banks v. Green Rock Correctional Center Medical Dept.*, 2007 WL 2903673 (W.D. Va., Oct. 3, 2007). However, negligence is not sufficient to demonstrate deliberate indifference to a serious medical need. *See Webster v. Jones*, 554 F.2d 1285 (4th Cir. 1977).

Likewise, disagreements between a health care provider and the inmate over a diagnosis and the proper course of treatment are not sufficient to support a deliberate indifference claim, and questions of medical judgment are generally not subject to judicial review. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975). As noted by the Fourth Circuit, an inmate is not entitled to unqualified access to health care and treatment may be limited to what is medically necessary and not "that which may be considered merely desirable" to the inmate. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Because Wexford, a private corporation, is the contracted medical provider for the West Virginia Division of Corrections and Rehabilitation, a state agency, the deliberate indifference standard is applicable to the conduct of its individual employees, who may

9

be considered to be acting under color of state law. Thus, in that context, those defendants may raise a qualified immunity defense. *West v. Atkins*, 487 U.S. 42 (1998); *Filarsky v. Delia*, 566 U.S. 377, 393-394 (2012) (private parties compelled by the government to undertake duties that would otherwise be performed by a public official are entitled to raise a qualified immunity defense).

The defendants assert that Smith has not stated a plausible Eighth Amendment deliberate indifference claim because a right to treatment for HCV with DAA drugs is not clearly established. The defendants further assert that Smith is being treated in the prison's Chronic Care Clinic and that he is regularly monitored for changes in his condition that would demonstrate the need for DAA drug treatment. Thus, they contend that he has alleged nothing more than a difference of opinion concerning medically necessary treatment. (ECF No. 20 at 8-14).

Smith, on the other hand, contends that recent court decisions recognize that treatment of HCV with the newest DAA drugs is the "one and only curative treatment," which permits only a "choice" between treatment and no treatment at all, and that the failure to provide such treatment could state a plausible Eighth Amendment claim. (ECF No. 23 at 9). However, any such right is not yet clearly established. *See Insco v. Wexford Health Sources, Inc.*, No. 2:19-cv-00612, 2020 WL 2770419 (S.D. W. Va., May 28, 2020); *Redden v. Ballard*, No. 2:17-cv-01549, 2018 WL 4327288 (S.D. W. Va. July 17, 2018), *proposed findings and recommendation adopted*, 2018 WL 4323921 (S.D. W. Va. Sept. 10, 2018), *aff'd,* 748 F. App'x 545 (4th Cir. 2019); *Cunningham v. Sessions*, No. 9:16-cv-1292, 2017 WL 2377838 (D.S.C. May 31, 2017).

In *Cunningham*, the plaintiff ("Cunningham"), an inmate at a federal prison in Bennettsville, South Carolina, sought treatment for HCV with the new generation of DAA

drugs, and was refused. Similar to Smith, Cunningham filed a complaint alleging that the defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment, and sought declaratory and injunctive relief, as well as monetary damages.

The *Cunningham* decision details the advances that have been made in medications and treatment protocol for HCV and determined that the refusal to provide curative therapy could plausibly state a claim under the Eighth Amendment. *Id.* at 1, 4-5. Specifically, the court noted:

> The Centers for Disease Control and Prevention ("CDC") has recognized that chronic Hepatitis C is a serious medical condition which can result in long term health problems, including cirrhosis of the liver, liver cancer, and death. [Footnote omitted]. There was no known cure for chronic Hepatitis C until very recently, and the therapies previously available produced inconsistent results and severe side effects. Since 2011, the FDA has approved [a] new generation of DAA drugs which have proven to be highly effective in the treatment and cure of Hepatitis C with minimal side effects.
>
> In response to the proven effectiveness of DAA drugs in curing Hepatitis C, two prominent professional associations of physicians specializing in the treatment of liver disease, the American Association for the Study of Liver Disease ("AASLD") and the Infectious Disease Society of America ("IDSA"), issued new joint recommendations for the treatment of chronic Hepatitis C in June 2016. The joint recommendation recognized that the new DAA drugs provided a "virologic cure" for chronic Hepatitis C and recommended that DAA drugs be administered to "all patients with chronic [Hepatitis C] infection" except those with short life expectations in which transplantation or other direct treatment was not available. It also noted that delays in treatment of Hepatitis C with DAA drugs reduced the effectiveness of the drugs. [Footnote omitted]. These joint recommendations of the AASLD and IDSA were subsequently endorsed by the CDC as [] "evidence-based, expert-developed recommendations for hepatitis C management." [Footnote omitted].

*Id.* at 1.

The court found that Cunningham's complaint could state a plausible Eighth Amendment claim, recognizing "the rapidly evolving medical and legal issues generated by the FDA's approval of a new generation of highly effective and curative DAA drugs, the

recent pronouncements of professional organizations of liver specialists stating that treatment of essentially all patients with chronic Hepatitis C with DAA drugs is now the standard of care, and the endorsement of these new recommendations by the CDC." *Id.* at 5. The court also listed cases finding a cognizable Eighth Amendment claim for relief on this basis. *Id.* (collecting cases). However, the court granted qualified immunity to the defendants on Cunningham's claims for damages due to the absence of any controlling precedent from the Supreme Court or the United States Court of Appeals for the Fourth Circuit. *Id.* at 4. The court stated:

> [T]here is no clearly established statutory or constitutional right *at this time* for inmates with chronic Hepatitis C to be treated with DAA drugs. Consequently, Defendants in this action are entitled to qualified immunity for any damages claims arising from the denial of DAA drugs to inmates.

*Id.* Nonetheless, the district court concluded that Cunningham's allegations were sufficient to survive a motion to dismiss his claims for declaratory and injunctive relief. *Id.* The presiding District Judge herein recently made similar findings in *Redden* and *Insco*, and the undersigned believes the court should do the same here.

Thus, the undersigned proposes that the presiding District Judge **FIND** that the defendants are entitled to qualified immunity on Smith's claims for monetary damages arising out of the failure to treat him with DAA drugs. However, the undersigned further proposes that the presiding District Judge **FIND** that Smith's Complaint states plausible claims for declaratory and permanent injunctive relief which warrant further development.

B.   *Motion for Preliminary Injunctive Relief*

In his Verified Complaint, the plaintiff requests a judgment declaring that the defendants' conduct violated his Eighth Amendment rights and granting injunctive relief requiring that his HCV be treated with DAA drugs and requiring the defendants to

"formulate and implement an HCV treatment policy that meets the prevailing standard of care." (ECF No. 1 at 15). Subsequently, the plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18), seeking preliminary injunctive relief to immediately provide him his requested treatment. The motion contends that "[t]he longer Defendants withhold curative treatment the greater the chance the treatment might not be effective at all and the damage caused by the disease will be irreversible." (*Id.* at 4). Thus, he claims that the refusal to provide him with DAA drugs now presents a substantial risk of serious harm, including the potential for cirrhosis, liver failure, and liver cancer. (*Id.* at 3-4).

The defendants contend that the plaintiff cannot meet the stringent requirements for preliminary injunctive relief, and that his claim that he will suffer irreparable harm without immediate DAA drug treatment is "speculative and distant." (ECF No. 21 at 4-5). Consistent with their position that the plaintiff's condition does not presently meet the criteria for DAA drug treatment, the defendants further assert that Smith's condition is continually being monitored and, should it worsen, he will be considered for treatment at that time. (*Id.* at 5-6). Thus, the defendants contend that the plaintiff cannot demonstrate a likelihood of success on the merits of his claim or a threat of irreparable harm and, therefore, he is not entitled to preliminary injunctive relief.

"[P]reliminary injunctions are not to be granted automatically." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Rather, the discretion of the court to issue such an injunction should be "sparingly exercised." *Id.* at 286. To obtain a preliminary injunction, a movant must demonstrate that "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *See Winter v.*

*Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *The Real Truth About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[3]. As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (per curiam). * * * Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46; *see also Dewhurst v. Century Aluminum Co.*, 649 F.2d 287, 290 (4th Cir. 2011).

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and the court must pay

---

[3] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that <u>all four</u> factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in all federal courts. *Id.*

This demanding standard is even more exacting when a plaintiff seeks a preliminary injunction mandating action, as compared to the typical form of preliminary injunction that merely preserves the status quo pending trial. *See East Tenn. Nat. Gas v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief.").

Notwithstanding his serious allegations, the plaintiff's motion for preliminary injunctive relief is speculative, as he has asserted only theoretical future injury. A mere possibility of harm will not suffice to support the granting of a preliminary injunction. *Winter*, 555 U.S. at 21. Although the court will subsequently consider the parties' positions concerning the plaintiff's right to injunctive relief, the plaintiff has not clearly shown that he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated the need for either a temporary restraining order or a preliminary injunction under the circumstances presented in his motion.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motions to Dismiss (ECF No. 19) with respect to the plaintiff's claims for monetary damages against all of the defendants, but to otherwise **DENY** the motion. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 15, 2020

Dwane L. Tinsley
United States Magistrate Judge